# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>GARY HOWARD WILSON, JR.,<br><br>  Defendant. | No. CR08-4006-MWB<br><br>**DETENTION ORDER** |

This matter came on for detention hearing on March 10, 2008. Assistant U.S. Attorney Kevin Fletcher appeared on behalf of the plaintiff (the "Government"). The defendant Gary Howard Wilson, Jr. appeared in person with his attorney, Jim McGough. Wilson offered the testimony of Lawrence Milder and Jessica Milder.

The court must determine whether any condition or combination of conditions will reasonably assure Wilson's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Wilson as required and the safety of the community if the court finds there is probable cause to believe Wilson committed an offense of the type identified in 18 U.S.C. § 3142(e) for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1). The probable cause element of section 3142(e) that triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented

at the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the evidence indicates Wilson has strong familial and community support. He has a job to which he could return and a stable place to live. The court finds the evidence is sufficient to rebut the statutory presumption, leading to a weighing of the evidence. The court further finds the evidence indicates Wilson would not be a flight risk.

However, the court further finds the evidence weighs in favor of detention on the issue of whether Wilson would be a danger to the community if released. Wilson has multiple arrests for assaultive behavior and disturbing the peace. At least two of his assault arrests occurred after he gave a voluntary proffer to the Government in May 2007, prior to his Indictment. Wilson has taken admirable steps to distance himself from his former associates in the drug world, but he nevertheless has made poor decisions and acted in ways indicating he would be unable to stay out of trouble if he were released.

Among other things, Wilson appears to be in denial about his substance abuse problem, and misinformed about the nature of sobriety in general. He left a treatment program after only eleven days, without completing the program successfully. In addition, he, his girlfriend, and his attorney all reported that Wilson has been "sober" for more than a year, despite the fact that he admittedly has used alcohol since August 2007, and he was in a bar fight in the summer of 2007.

Viewing the entirety of the evidence, including the Pretrial Services Report detailing Wilson's criminal history, the court finds clear and convincing evidence that Wilson would be a danger to the community if released. Therefore, the court finds the following:

1. Wilson is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Wilson reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Wilson to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Wilson must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 10th day of March, 2008.

*[signature: Paul A. Zoss]*

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT